**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ISAIAH MILLER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 2:23-cv-02605-TLP-tmp |
| v. | ) | No. 2:19-cr-20045-TLP-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255 AS UNTIMELY, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pro se Movant Isaiah Miller[1] moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on September 25, 2023. (ECF No. 1.) And the Government responded. (ECF No. 7.) Movant did not reply. For the reasons stated below, the § 2255 Motion is **DISMISSED** as untimely.

## BACKGROUND AND PROCEDURAL HISTORY

### I. Criminal Case No. 19-cr-20045

On February 28, 2020, Movant pleaded guilty to four counts of carjacking, in violation of 18 U.S.C. § 2119(1), and three counts of using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (*See* Crim. No. 19-cr-20045-TLP-1, ECF No. 53.) Under the terms of the plea agreement, Movant and the Government agreed that

[1] Movant is currently incarcerated by the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Beckley, West Virginia, under register number 31355-076.

the Court "should impose a custodial sentence of 300 months." (*Id.*, ECF No. 53 at PageID 54.) On June 18, 2020, the Court sentenced Movant to a total of 300 months incarceration, to run concurrently with sentences imposed on him by the Shelby County, Tennessee, Criminal Court, to be followed by three years of supervised release. (*Id.*, ECF No. 61.) Movant did not appeal to the United States Court of Appeals for the Sixth Circuit.

**II. Movant's § 2255 Motion**

Movant moved for habeas relief on September 25, 2023. (ECF No. 1.) He asserts three grounds for relief:

1. Movant's counsel rendered ineffective assistance during the plea negotiation stage;

2. the counts of conviction infringed Movant's Double Jeopardy rights and protections guaranteed by the Due Process Clause; and

3. Movant's counsel failed to file a notice of appeal, depriving him of the opportunity to pursue an appeal.

(*Id.* at PageID 4–7.) The Government asserts that Movant's § 2255 Motion is untimely and lacks merit. (ECF No. 7.)

**APPLICABLE LAW**

The grounds for a federal prisoner's request for habeas relief are set forth in 28 U.S.C. § 2255(a). That statute says:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*,

471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). The burden for a movant is to show by a preponderance of the evidence that he is entitled to relief. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted).

**ANALYSIS**

A one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255(f). The limitation period runs from the latest of these events.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant did not appeal his convictions and sentence to the Sixth Circuit. "[A] defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." *See* Fed. R. App. P. 4(b)(1). The Court entered judgment on June 22, 2020. (*See* Crim. No. 19-cr-20045-TLP-1, ECF No. 61.) When no direct appeal is filed, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Because Movant did not appeal here, his judgment of conviction became final on Monday, July 6, 2020.

Movant declares under penalty of perjury that he placed his § 2255 Motion in the prison

mailing system for mailing to this Court on September 13, 2023. (ECF No. 1 at PageID 12.) The Court treats the § 2255 Motion as filed on that date. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) ("[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"). Because Movant filed his § 2255 Motion well beyond one year after his judgment of conviction became final, the § 2255 Motion is untimely under § 2255(f)(1).

Movant argues that "compelling factors" set forth in his § 2255 Motion—that is Movant's argument that his convictions violate his Double Jeopardy rights—"must give leeway to the inoperability" of the limitations period. (ECF No. 1 at PageID 11.) He also argues that "external factors outside of [hi]s control hindered [his] ability to pursue his § 2255 timely and effectively." (ECF No. 1 at PageID 11.) Movant asserts that during his one-year limitations period, "the prison system including the BOP experienced lockdowns due to COVID-19 outbreaks and protocols." (*Id.*) And he alleges that "[p]risoners were limited in movement and access to necessary legal materials." (*Id.*) He also argues that his "health was at risk both physically and mentally." (*Id.*) The Court construes Movant's arguments as asserting that he is entitled both to belated commencement of the limitations period under § 2255(f)(2) and equitable tolling.

The Sixth Circuit has presumed "that a lack of federal materials for a prisoner to challenge his conviction or confinement, combined with a lack of a legal assistance program, constitute[s] an unconstitutional impediment under Section 2255(f)(2)." *See Simmons v. United States*, 974 F.3d 791, 796 (6th Cir. 2020). At the same time, "an unconstitutional impediment is not enough, in and of itself, to delay the triggering of the statute of limitations." *Id.* Instead, "[a] movant must initially allege facts that will establish that the impediment actually prevented the

movant from filing the motion." *Id.*

Movant states only in a conclusory fashion that he had limited access to legal materials because of lockdowns imposed because of COVID-19 outbreaks. (ECF No. 1 at PageID 11.) He fails to explain how this impediment "prevented [him] from filing his motion." *Simmons*, 974 F.3d at 797. Movant does not allege that he was completely unable to access a § 2255 form or file a basic § 2255 motion setting forth the facts which he believed warranted post-conviction relief. Because he makes only conclusory assertions, he "fail[s] to adequately claim that the alleged lack of resources prevented him from filing." *Id.* Movant, therefore, is not entitled to belated commencement of the limitations period under § 2255(f)(2).

Nor is Movant entitled to equitable tolling of the limitations period. "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Id.* at 784 (citation omitted). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* (citation omitted). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

For starters, Movant's "compelling factors" argument does not warrant equitable tolling. Essentially, Movant contends that the worthy nature of his claims should trump the limitations bar. Even still, "[t]he mere fact . . . that a petitioner might be able to prevail on the merits of his

claim is not a ground for tolling." *Hunt v. United States*, Nos. 1:19-cv-01299-JDB-jay, 1:10-cr-10066-JDB-1, 2023 WL 146263, at *5 (W.D. Tenn. Jan. 10, 2023) (citations omitted).

Nor is Movant entitled to equitable tolling over his COVID-19 arguments. While he references lockdowns caused by the COVID-19 pandemic, "the 'pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *Williams v. United States*, No. 1:22-cv-523, 2024 WL 4457022, at *4 (W.D. Mich. Oct. 10, 2024) (quoting *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022) (emphasis in original)). Movant's conclusory allegations do not show that the pandemic prevented him from filing his motion timely. *See id.*; *see also West*, 578 F. Supp. 3d at 967 (noting that the movant's "vague and generalized contentions" about COVID-19-related law library restrictions "[did not] begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file" his habeas petition); *Schoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, at *3 (E.D. Mich. Sept. 21, 2021) (noting that while the COVID-19 pandemic "is an extraordinary circumstance," the petitioner's conclusory allegations did not suffice to demonstrate that he diligently pursued his rights to entitle him to equitable tolling).

For these reasons, the Court **DISMISSES** Movant's § 2255 Motion **WITH PREJUDICE** as untimely.[2]

## APPEAL ISSUES

Under 28 U.S.C. § 2253(a) the district court must evaluate the appealability of its decision

[2] Because the Court has determined that Movant's § 2255 Motion is untimely, the Court need not address the Government's alternative argument that the § 2255 Motion can be denied on the merits.

denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.; see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

There can be no question that Movant's § 2255 Motion is untimely for the reasons previously stated. Because any appeal by Movant does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion

in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** that any appeal would not be taken in good faith. The Court **DENIES** Movant leave to appeal in forma pauperis.[3]

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[3] If Movant files a notice of appeal, he must also pay the full $605.00 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days.